UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:92CV00064 ERW |
| ) | |
| CHILTON et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon James P. Davis's Motion to Recover Attorneys' Fees [doc. #137], James P. Davis's Motion for Bill of Costs [doc. #138], and Community Title Company's Motion to Recover Attorneys' Fees and Expenses [doc. #139].

**I.     BACKGROUND**

On April 1, 1997, this Court entered a judgment against Defendant James P. Davis ("Davis") and in favor of Plaintiff Federal Deposit Insurance Corporation ("FDIC") for amounts owed pursuant to guaranties regarding certain promissory notes. Thereafter, FDIC assigned its interest in the judgment. On May 12, 2005, apparently believing that it held a valid assignment of FDIC's interest in the judgment, Cadles of Grassy Meadows, II, LLC ("Cadles") filed an application for writ of execution as to Davis's 1998 Porsche 911 Carrera, as well as applications for writs of garnishment as to certain property being held by Old Republic Title Company and U.S. Title Company.[1] Those applications were processed by the Clerk of the Court on May 19, 2005. On June 13, 2005, apparently believing that it was the true assignee of the FDIC judgment, Community Title Company

---

[1] See docket entries #100 through #107.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

("Community Title") filed a Motion to Quash and Dismiss the assignment that had been filed by Cadles. The next day, apparently believing that Cadles's assignment was invalid, Davis filed a Motion to Quash/Stay Execution and Garnishment and for Return of Property. After hearing arguments from the parties, the Court stayed all execution and garnishment proceedings until such time as the Court could determine whether Cadles had a valid assignment. On July 28, 2005, after receiving certain information from FDIC, Cadles voluntarily released its pending executions and garnishments and subsequently requested that its purported assignment be dismissed.

## II. DISCUSSION

Community Title and Davis have both requested that the Court order Cadles to pay their respective attorneys' fees in this action. Both Community Title and Davis state that they are entitled to fees on the basis of Missouri Rule of Civil Procedure 90.12. Cadles opposes both motions, arguing that neither Community Title nor Davis fall within the scope of Rule 90.12.

Pursuant to Federal Rule of Civil Procedure 69, the process to enforce a judgment for the payment of money is by a writ of execution. The procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69(a). In Missouri, a writ of execution may be carried out by levying upon the property of the debtor. In the case of tangible personal property, the levy is made by law enforcement taking possession of the property. Mo. R. Civ. P. 76.06(b). In the special case of property subject to garnishment, the levy is to be made as provided in Rule 90. *Id.* at 76.06(d). The garnishment procedure set forth in Rule 90 governs proceedings in which a plaintiff creditor (the garnishor) seeks to satisfy its claim with the property or money of a third party (the garnishee) which is owed to, or otherwise belongs to, the defendant debtor. Pursuant to Rule 90.12, "[i]f the garnishor files exceptions to the garnishee's

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

interrogatory answers but does not obtain a judgment against the garnishee, all of the costs attending such garnishment shall be taxed against the garnishor . . . [and judgment shall be rendered] in favor of the garnishee and against the garnishor for an amount sufficient to indemnify the garnishee for time and expenses, including attorney's fees." Mo. R. Civ. P. 90.12(b).

Community Title and Davis argue that Rule 90.12 provides a basis upon which this Court can award them attorneys' fees in this action. However, reliance upon this Rule is misplaced. Under the Rule, only a garnishee can move to recover its expenses and attorneys' fees. Community Title was not a garnishee in this action, and no application for writ of garnishment was ever made with respect to Community Title. Further, Davis was not a garnishee in this action. Rather, he was the debtor and, as such, was not the subject of any application for writ of garnishment. No application for writ of garnishment was made with respect to the car.[2] Writs of garnishment were issued with respect to certain other property being held at various title companies. However, Davis was not the garnishee in those writs; rather, the title companies themselves were the subject of the writs of garnishment. Thus, Rule 90.12 does not provide a basis upon which the Court can award the requested attorneys' fees. Without a statutory or contractual basis for granting the requested relief, the Court is without authority to make such an award. *See American Federation of Musicians, Local 2-197, AFL-CIO v. St. Louis Symphony Soc.*, 203 F.3d 1079, 1081 (8th Cir. 2000) ("It is well-settled that attorneys' fees may not be recovered by a prevailing party in the absence of statutory authority.").

Finally, in his Motion for Bill of Costs, Davis requests that the Court tax costs in the amount of $14.40 against Cadles pursuant to 28 U.S.C. § 1920. "[C]osts other than attorney's fees shall be

---

[2]Indeed, the car was in Davis's possession and under his control; therefore, no such writ was required. The car was seized pursuant to a writ of execution, not a writ of garnishment.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Cadles has not objected to Davis's Motion for Bill of Costs. Therefore, the Court will tax $14.40 against Cadles and in favor of Davis.

Accordingly,

**IT IS HEREBY ORDERED** that James P. Davis's Motion to Recover Attorneys' Fees [doc. #137] is **DENIED**.

**IT IS FURTHER ORDERED** that James P. Davis's Motion for Bill of Costs [doc. #138] is **GRANTED**. The Clerk of the Court shall tax costs in favor of James P. Davis and against Cadles of Grassy Meadows, II, LLC in the amount of $14.40.

**IT IS FURTHER ORDERED** that Community Title Company's Motion to Recover Attorneys' Fees and Expenses [doc. #139] is **DENIED**.

Dated this 25th day of October, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com